Case number 21 to 7134 on behalf of Braden Davis at balance versus district of Columbia Municipal Corporation. We set it for the balance for the appellee. Morning morning. Morning, and Diana Sabbath appearing on behalf and and Davis. Blacks on behalf of her son brain dates with me this morning is Charles Moran co counsel from the state. And create we counsel for the curia. Advocates for justice and education and counsel of. Parents advocates and attorneys. Miss has filed and meet his brief and if the court has questions for him. He can answer them. We are not however, sharing. Okay, and then with the commission, I will reserve 3 minutes for. Okay, thank you. The spring court held in order to station versus rally. The purpose of the individuals with disabilities education act. Is to open the doors of education to students with disabilities. The Supreme Court held in the Andrew F. case. And enacting Congress is concerned with eliminating the practice of warehousing. He's difficult to educate students until they just age out of the educational system. We are here today, because the district court denied a preliminary injunction to maintain Davis. In his current educational placement. And thereby frustrated both of these statutory purposes. As well, as specific language in the, that mandated entry of the injunction, which is colloquially known as a state. Now, we are facing some novel circumstances in this case, you know, in that facility is no longer available. But I don't suggest that that means that the district doesn't still have this obligation under the. So, how should we tread ground in these novel circumstances? Is the specific facility was not available in discharge? And it does not mean that a comparable. Facility or arrangement could not have been implemented for him. Far beyond what the district offer to and by comparable, you're not suggesting that the hotel arrangement would be suitable here. The hotel arrangement was a desperation measure on behalf. On the part of the parents, they were justifiably concerned about simply bringing Brayden home. They knew that in the past when he had lived with him with them, he had engaged in highly dangerous activities. It remains an attractive nuisance for him and so with no place else to go, they chose what they felt was their only option on very short notice. So, let me ask counsel, is it your position that the. Hearing officers decision and what. He ordered was also insufficient. It was much better, but it, yes, it was insufficient because what he ordered on an interim basis. Was for the district to provide a day program. Great. None of the residential components, including none of the therapeutic. Supports none of the behavioral supports, none of the functional living skills or. So, while what he ordered was certainly better than what the district had proposed, which was sent him home and the parents do everything. It remains insufficient. So, is it your position that your only way. To address that is to file the state put motion as to. Opposed to seeking some sort of injunction. Well, the same motion would have maintained. Brayden's placements until we could reach the merits, which is where, where, where would it have made his place? Where would it have retained his placement? Or maybe there were a few options. The 1st option would have been for the district to simply replicate. What are the. Well, the 1st, 1 would have been for the district to replicate what CSAC was doing. CSAC had him in a rented house. No, I understand. So how how do what is. What is your view of your legal remedy at that point where you're dissatisfied with the hearing officer? I gather you thought it was. To file a state put motion. I'm sorry, I misunderstood your question. We have appealed the hearing officers decision to the district court. And, but the district court has stayed that proceeding ending this and denied it your motion to unseal as well. Is that not correct? And it's correct over the district's opposition district recommended and the district court accepted that recommendation to await the court's decision. So, the hearing officer look to the 4th circuit decision. As offering a somewhat comparable. Situation and. I mean, you're the expert in this area. I'm just trying to understand. And what your legal options were. Once the district court denied your motion to stay. Well, our legal options at that point were to. Muddle through as the Davis's did with the current situation, or for the Davis's to unilaterally place rate, if they were able to find place themselves, and they did search quite diligently. No, what I meant what I meant was what court options. In terms of your legal options, once the state was denied, the option was. No, I'm sorry I want to be clear at the point that the district court denied the state put. In in motion. What were your legal options to appeal or. Modify that we took this. Yes, and the problem with it. I mean, I think everyone's in agreement on this. Aren't say, except maybe the court that. Granting your stay put doesn't solve the problem. It wouldn't completely solve the problem if what you're. Insisting upon is placement in a private residential treatment center and therefore, depending on the 3rd party to admit him. Is it your view that the district. School system is incorrect. In saying that it has looked. For another such facility and not been able to find it throughout the United States and that there is. Generally a glut problem that's facing. Persons like the. The Davis's son, but we know that the district made referrals to 19 residential treatment facilities as of the day. The court heard the preliminary junction hearing all 19 ultimately said, no, for various reasons. Some didn't have space. Some said he was not appropriate. Some were not taking people because of. The to our knowledge, no further referrals have been made since then have not been notified. I thought, yes, what I'm trying to understand is. Literally, what are your legal options? The state put motion seems to be serving another function and it isn't going to solve. The Davis's problem. The, the state motion had granted had the district court exercises equitable hours. But still have resulted in getting the most of the program that he is entitled to under his. Now, the powers that you're referring to. Arise in the context of a civil action. As opposed to a motion for a state put order. They, they, they are found in the civil action section, but they have been the courts have exercise little powers. In the state motions as well, for example, in the Austin case. In the case, both of which are cited in our brief, which were from the district court below. The, they have directed the district in the Austin case, the student was discharged from a residential placement. It was no longer available. So, did you cite any other circuit case taking that position on a state put motion? In comparable circumstances, the district court, I believe, not a certain case. Correct. So the district court may be in. Dispute about this, but. At this point, what do we do? That's all. I'm trying to understand and I, as I read the bottom line is. Basically, looking at what the district court did here, you want the district court basically to convert that motion into a civil action. And exercise powers. Or reverse its denial of your. A motion to to lift no longer hold the case in advance. Well, what. The district court did not need to go that far. Under the authority of the 9th case that this court decided many years ago. What the district? Oh, if his placement was no longer available with similar services, not defined specifically in night. But what the district court could have order under that authority. Was the basic components of brains program. To be provided to him directly by the district. There were other problems. With what happened following the discharge besides simply not giving a new place to live other than the family home. 1 was, of course, he was sent home, which is a different level of restrictiveness on the idea continuum. Another problem was you so. I understand that his parents have. Cobbled together something that's similar to what they think he needs using a hotel room. And arranging their own round the clock supervision. Are you suggesting that the district should have put together something like that independently or that the district should reimburse. Braden's parents for what they've done, what what are you trying to get in the interim? Because I think it's undisputed. Everybody agrees on what he needs and what the is, and the district is looking for that and have not been able to locate it. Well, what is it that you want the. Okay, well, whether the district is actually still looking for it is not clear from the record. But what we would want it was for the district to assume the responsibility for providing the components of brains. Not the request was never specifically put him in a hotel. Request was to. Have the district continue to provide his services so basically cobbled together just as the parents, but the district should do it. So, but let me ask you this. So, why did you bring this under the state put injunction provision instead of. Just moving for a preliminary injunction saying that he's being deprived of his. Fair education, we believe that a. The traditional preliminary injunction was the appropriate. Avenue, because he satisfied the grounds for state. I think it's procedurally a little bit more difficult under a put, which. Is intended to address a different situation to me that state put is to address. When the school wants to change the, or the school district wants to change the placement, there's a dispute with the parents. The child stays in the current placement until that's resolved here through no faults. Of the district is private institution decided. That Braden couldn't have a space there anymore the district is looking for a comparable space. And it seems to me what you're asking for, which is a comparable place until. The permanent placement is found, or the more long term placement is found. Is more appropriately addressed as just preliminary injunction to say. The district needs to provide a fair and appropriate public education until. That is done, whereas the state put provision, it requires us to. To read into current placement, all kinds of things that there's no precedent for right now. Well, there is precedent there's not direct. There's a 9 case also by, but night wasn't exactly on all 4s. It's not on all 4s, but it does say provide similar program. Also, the separate problem, and this is a huge problem highlighted in the state's declarations. Under the case, the district cannot transfer to the parents, its obligations to implement the. So, we're not asking, I'm agreeing with that. Even if that is the remedy that you're entitled to, why didn't you bring it under a preliminary injunction? We did not believe that preliminary that the traditional preliminary injunction was the appropriate action. Because the why didn't you bring both and the alternative. The Davis's, we're not seeking to change places. They were not seeking to change the, they were not challenging. They were simply asking that the current be implemented in a similar fashion as possible. And they to file the 4 part injunction, they would have had to prove that they would have been asking for a change in the placement. And that why is that a change? I'm. My question is premised on the idea that what you're looking for is while the district is looking for a more long term placement in the interim. Brain is entitled to have the elements of this. And it seems to me that procedurally. And based on the case law seems to be relying more on. F. A. P. E. Sort of premise, as opposed to the state put premise and saying that you're entitled to the same placement. It just seems to be procedurally to make more sense for you to proceed under a plenary injunction. Foster and I'm just wondering why you did not because you're asking us. To sort of make new law here and. And from where we are now, I'm statement injunctions extended to something where we haven't held that before. Well, this was a highly unusual situation. I see it run out of my time the. The, because the Davis is wanted. What already have a statement injunction simply says, maintain the current placement. And they wanted the current place if it could not be provided. Only, but the things everybody agrees that he's a battle to that, but his placement had already been changed when the district. When when CSEC is charged him, which was the district's agent for the implementation of his. They discharged him and the district said, take him home and provide everything for him until we find something new. So his placement had already been changed. What the Davis is wanted. Was to bring it back to something closer to what his called for and that was a statement. Request, I think that's the question here. I understand what they wanted. I'm just. Trying to understand what's the best procedural way to get at what they wanted. And if I don't think it's the state put injunction. And it would be a preliminary injunction, but you didn't ask for that. Now, we did not file them because we believe that the statement injunction was the appropriate remedy for him. The statement injunction was denied because the district court read into section 1415 J, a provision that is not there. Which is that the current placement shall be maintained only if it is available and under haunting versus though you don't. Add to that section, what is not in it already? Right? That's that's not my concern is I understand what you want. And even if he's entitled to it, I don't know if they put is the way to get it. Well, as I said, we were not looking to change the placement. We're looking to. Maintain the placements in as similar fashion as. And certainly we understand your position on that, but suppose this court were to. Disagree, then. Where are you and what are your options? Well, I suppose we go back to the district for where we have a complaint pending. And we litigate the appeal from the hearing officers determination and litigate the issues arising from the fact that he issued. Some favorable rulings for the Davis's that have not yet been complied with. And so we would litigate that. And has there been any finding that the child can not stay home and receive those services there? It's been extremely rocky. He is in fact at home now, the hotel did not work out. And he's been living at home for about a year now, and it's been very, very difficult. He receives almost nothing of the authorized services because of. Difficulties with virtual services with transportation with payments. Um, we've just the Davis's time serving as effectively as aids. Because they only are authorized for 8 hours a day. A 5 day, roughly 5 days a week. So he's, he's getting some instruction. Not much else, but there have been many, many incidents since then. And the search is, you said not ongoing or to our knowledge, there is no search underway. What has happened? I can tell you what's happened. In October, 2 things that the 1st was that. Backed off to which the district had referred a year earlier. Did have a place for him and offered it to him, but in their adult program. Not in their school, because he's too old for their school. The district has declined to place in there for various reasons. Also, in October, a. A program, the alternative paths training school offered him a program on an interim basis. Consistent with the hearing officer's determination, which had been placing within 21 school days. This was late. He, the days were willing to accept that as an interim placement, but there have been huge problems with the range of transportation to get him there. And therefore he never start. So, those are the only 2 things that have happened to you. What do you mean transportation problems? There were problems you need to Brayden and problem and systemic problems. The office of the state superintendent of education, which runs the special education transportation system. Is experiencing systemic failures. Their roots are substantially delayed. Students are taking 2 to 3 hours to get to school and get home again. Because of Brains characteristics that it was not a good idea to have them on the bus. For that long, and then there were issues about whether the aid would be assigned to be with him on the bus. Was sufficient, he has very specific needs regarding the aid. His behavior intervention plan calls for an aid who was trained. In a particular type of restraint, Matt. The office of the state superintendent puts aids on buses with instructions not to place hands on the students that if they become. A voracious the buses to be pulled over to the side and the police called now being 22. there was tremendous fear. As police fall, we're called to be find himself in the adult. Criminal justice system, and so they were quite worried about that. So there were unique problems. There's a systemic problem. And as a result. They were not able to take advantage of this day program and so they elected to unilaterally place him. At bankrupt at their own expense, and he has been there 1 week. And as I understand, he has somewhat rocky star, but he's still there. So, that that is where we are, but we are not aware of any further searches by district. But at least no referrals, I believe the Davis's are notified by the district when it makes a referral, but not necessarily when it makes a contact. And then she's not to pursue so on remand, you would not be precluded from moving for preliminary injunction. I'm sorry, I didn't hear you around it on remand. You could move for a preliminary injunction. We certainly could. I see I've run out of my time. So I've gone way over. So, well, you've been answering our questions. You'll still have time for. Okay, if the board has more questions, not at this time. Silence. Silence. Please support for the district of Columbia. The district acknowledges its obligation to identify a residential treatment center for Brandon. It can provide him with a free, appropriate public education. Commonly known as a fate and why why are you not currently looking for placements and making referrals. The district is engaged in a thorough and ongoing search. For a residential treatment center, the district differs from my friends. Characterization of the search is ongoing. Of those conversations, and the district continues to look for. A residential treatment center, and this was so have you gone beyond the 19. Yes, the 19 that were sort of promptly identified in that are in the record on this court. Uh, the district court found that it was undisputed that this was an adequate search and I would point the court most recently to the March 20. 22, seen by the hearing officer who heard it even further developed record and found again that the district had, I think the words were sort of diligently tried to overcome the obstacles of residential treatment centers, not admitting Brayden and the record before the hearing officer in 30 residential treatment centers have been identified and referrals had gone out and they're sort of been a process about them. And this is March 2022, so every what is the problem? Is it his age? Is it ages his age is a factor his particular needs, including sort of fulfilling all of the obligations of the. Are a factor the sort of vacancies. At residential treatment centers that might be able to serve him. Are a factor, but the parents are also suggesting that even if Davis was at home. The additional services required for behavioral issues, the. Other things attended to the plan, those are not even being met at home. That's right. I mean, a resident treatment center is a highly specialized. Facility, these facilities are built, they're furnished. They're staffed with a particular disability of the population that they serve. So, when you said that's right. Does that mean you don't feel that? There's any obligation that under this interim circumstance that you have to provide the treatment providers to the parents home. Well, I think here any obligation like that would be. Would surface through the denial claim and that's exactly how it's happened here. The hearing officer has ordered an interim. Placement as part of the appropriate relief for the denial. But the hearing officer found, and so I think that is, I think a good example. Of the way the handles. Remedies for fake denial and that's very different. From a safe injunction, which is a limited procedural safe. All it does is decide while dispute is pending, which educational placement. Prevails and the same, but provision says it's like a switch in the railroad. It says the then current educational placement prevails school authorities can no longer exclude disabled children from public education. You're unilaterally instead they have to vet their new placement. Whatever it may be through process procedures in the meantime, the child stays. In the place that the child stays, but isn't then for an educational placement. And so stay serving a very different and important. But limited function from the overall substantive guarantee. Of the, where data is already received really through that substantive guarantee. The hearing officer has heard. The fake denial claim, it has ordered a number of remedies. I'm not just the interim day school, but also. Order the district to continue searching again that is, in fact, happening. Um, and Davis's request, the compensatory education request. Has been deferred, but compensatory education is certainly. Part of the remedy for a denial claim, in fact, is the proper remedy. And it's the usual 1, I think what data seeks to do here. Is essentially duplicate the idea substantive guarantee. In a safe, but posture, and this is an extreme and novel claim. To my knowledge, it has no support anywhere in the federal courts of appeals. And it's actually unnecessary because what the idea is such a new guarantee does. Is it takes care of this very problem and I think. You know, just can you mentioned, isn't the right thing procedurally here? Preliminary. Precisely right that is 1 procedural way. To get the thing the Davis's are asking for. But they haven't pursued that for more than a year. They have not pursued a preliminary injunction at all. But I'll say that there's also other remedies into the idea. What is the Davis's could agree with the district on an interim placement agreement is. Part and parcel of the both due process procedures. And even the safe, but provisions again, we don't think safe applies. But safe, but expressly recognizes agreement. So, agreement is 1 way to do it another way is to engage in an process for. If there is, if Braden has changed since 2021, which is what the and if that is. Then, perhaps there could be additional solutions. Because there would be a new in effect, but the parties agreed on that could provide an appropriate placement for. So, these are the many solutions the idea already offers. Stay put provision is simply not applicable here. What do you perceive as the in existing current placement? What is Braden's then current educational placements? It is a residential treatment center. And that has some substance that's not just. A label that comes from the, the parties have agreed. Um, the Braden's sort of least restrictive environment is quote a highly structured education and residential environment. With 1 to 1 supervision and a highly structured behavioral intervention program. And throughout this litigation, I think up until. You know, maybe a footnote in Davis's reply brief, the parties have agreed. And what this describes is an. A residential facility and point the court to complaint paragraph 10. Where Davis alleges Braden's recognizes a residential treatment center as his least restrictive environment. In which he can be successfully educated and therefore he would be in a therapeutic environment 24 hours a day, 7 days a week. The district court opinion page 8, I find that Braden's and current educational placement. At the time, this litigation suit include a residential treatment facility. With 1 on 1 support services, significant behavioral intervention. And even Davis's opening brief on page 48. Okay, so you're agreeing that that's what he needs. Absolutely and that you're looking, but what do we do for interim? Well, the hearing officer has answered that question. So, the interim sort of relief that the hearing officer ordered as part of recognizing that there has been a denial. Has been the interim placement at a day school district as my friend acknowledged as in fact, range. A placement to the alternative paths training school or. A, and that day school is made available to Braden consistent with the hearing officers determination. Okay, so you're saying that that's available now until you get to a residential facility. That's right that's that's part of the hearing officers determination. And that would be attended with all the necessary services as well. What is it? It is a day school, right? It implements his and I think I heard my friend knowledge as well that. With respect to the educational services, it does implement. The, I think the point of disagreement is, is the housing. Is that the only thing that's missing from this interim placement? I want to acknowledge my friend's dissatisfaction with transportation to a, I hope it's sufficient for me to say that district strongly disagrees with the characterization of transportation. The district has made available transportation that's compliant with Braden's. So, we don't see transportation as having been an obstacle there and I thought he was entitled to 24 hour. Supervision my misremembering that I thought he was entitled to. And that's part of the therapeutic residential environment. That's an RTC if we can provide Braden with that therapeutic residential placement. That would be an RTC that can't be replicated. The therapeutic part of the residential. Basement that home health aid or something. That's right. It's it's, it's, it's sort of. It's sort of the distance between, you know. An Airbnb and a hospital, the hospital arrangement there's imagine how many things go into. Sort of this therapeutic residential environment, and that's what's necessary for Braden to access. His education, but that's not available right now and I don't think there's actually. But the parties dispute that sort of just placing brain in an apartment or a hotel or. A room in the day, so that obligation. And have they are you suggesting they turn down the day school. Option answer that on on rebuttal. The day school, to my knowledge remains ready to serve. I thought he'd had his 1st day, but said. But so it seems to me that everybody agrees about what Braden is entitled to. And I think the issue here is, in my view, a procedural 1 that perhaps. The Davis's didn't go about this and procedurally the best way, but both sides agree what he's entitled to. And it bothers me a bit that. The district seems to be just saying, well, we're looking. That's been dragging on for a long time and it seems that what is being offered in the interim certainly falls short. Of what Braden is entitled to, so it seems to me that in a preliminary injunction setting, which may be in your future, they might have a quite. Potentially strong case, and so I would just. Think that the district would have every incentive to make efforts to. Reach an agreement with the Davis's that goes beyond what's being offered right now. That's right and there have been. Efforts on this front, I mean, I will say the parties engaged in thorough mediation earlier. This year, so I think the conversation about sort of, can we find a good solution for Braden remains a strong commitment by the district. We're certainly interested in reaching all any positive solution. But I think procedurally, but the district court got that absolutely right. A safety injunction is not a remedy here and the district court's order. Should be affirmed just to go back on on your point about the preliminary injunction and what that might. Sort of how that might shake out, I will say that, you know, 1 of the things that. I think troubles the district and as part of our. Sort of alternative argument is that the does not supply housing. What the can do is provide. Education, and that education has to be proper under the app. And so any sort of change of placement. Or Brayden would have to actually be an educational place. Somewhere he could access education. If there's no access to. If you can't actually receive education while he's in a. Basement that I think that would be a concern of the district. Because it wouldn't really be a relief and I think that goes back to, you know, the way this case was presented to the district court. Was a case for providing reimbursement. For sort of room board and supervision sort of general. Caretaking and that's not appropriate relief under the. That's a lot closer to sort of consequential damages. We're not having an, and that's not really. I just, I do think that that would be another way for the support to potentially resolve this case is to acknowledge that this sort of housing. The room board and supervision sort of in the meantime. It's not really, but it has to be is providing Brayden with an education. I don't think we can make that finding. That would be something that district court would have. Because we don't know enough about what was happening at this. Residential alternative to say whether that's education. Certainly, I think I'm previewing in part. Some of the, the arguments that the district would would be happy to make on remand to the district court. The court has no further questions the district court's order denying a statement injunction should be in front. Thank you. I would first like to address. Placement is not simply a physical location. That's what we established in the case law placement is the entire experience. The overall educational experience at the provides for the suit and I ask you a question. Certainly. What is it that you would want? If you had your brothers and the district were providing some interim. Services until a residential treatment center could be found. What is it that you would. What would be your wish list? Obviously, if we could not find a residential treatment center. 1st, and foremost for the district to take the burden off the parents of doing everything for. They are his caregivers is a ranger. Could you be more specific? What is it exactly? Yes, to basically do what the hearing officer ultimately came up with. Which is directly provide all components of his, but that would include the components that aren't to be provided in the residence. The contains provisions, it's not just a place for him to live. He's supposed to be working on his adaptive living skills, his functional skills, the social skills. Those are all to be done in the residence and none of that is being done now. So, we would so, is it a hotel room or what is this? No, you're looking for because the is not available. So I'm just trying to understand. I'm hoping that you can reach agreements. I'm trying to understand what you're looking for. Oh, the, the last time this happened when was discharged from a residential treatment center in 2020. His parents were able to find a house that they rented and. Staffed there and provided as much of his program there as could be provided. They, they were able to find a house on a quiet street and eliminated all those attractions of the hospital near their home. And he lived there for 5 months with aids with a behavior support program that was developed by a. Abort certified behavior analyst, he received. Some of the educational components of his not everything, but. He got most of what was in his and including. Supportive services, so it would be done. And if, as you said, if we had our brothers. That would be something that we think should be done and could be done. As far as the claim that the district doesn't quote unquote, provide housing, they provide housing every time they order, they agree that a residential placement. Is what the student needs he is housed. He lives where he receives his education. So, all this would be another way of providing that. The, but in addition to that, as I said, 1 of the most important things. Which continued up until October a full year. Until the event, the APTS made the offer. To accept was to take the burden off his parents. As the circuit said in boost in Boosters District of Columbia, it is not parents job. To implement the, are you aware of any precedents for the district taking the initiative to put together the. The house or the apartment, et cetera, I'm not aware of any precedents within taking the initiative. The hearing officer did order them analogously to engage private consultant to help them find the, which to our knowledge did not. The district could have it seems that the precedents for what you're asking for is when the parents. Do the legwork and then the district reimburses is it what you seem to be asking for is that the district do the legwork. Take the burden off the parents, but I don't think they do that. Well, they are required to provide the educational services, but practically speaking, it seems that. What you're asking for, they tend to reimburse the parents. After the parents have have done that, and then courts find that that was appropriate. Well, actually, the hearing officer found that that was not appropriate in the hearing office. No, I'm saying just in precedents. Where this type of situation has occurred, it's usually. A reimbursement of the parents for what they've done if the parents undertake a unilateral action, and then they are later. Upheld to have done the right thing. Yes, they get reimbursed. That's the Burlington case. And it's progeny, but that's not what the days is. We're not asking for that because in. They were unable to take on the burden here. It was not a question of finding all these providers and simply arranging for them and paying for them. And the 1 thing the district offered to do was to pay them after that, though, there were problems. The problem was with delivering services in the 1st place mistake. This was very clear in her declarations. How difficult it was for her to find everything needed on her own. Both because of the payment arrangement, and because brains needs made it very difficult. What about the hearing officer's order that they. Engage an expert to help them. To our knowledge, that did not happen. No, but what about that as an option? We welcome that we thought that that was appropriate and that was to help them find the residential treatment center. Well, actually, it was to make recommendations as to the type of residential placement he needed and then to make. Decisions as to where that could be found. It was not specifically to find a residential treatment center. That had that been complied with, perhaps there would have been recommendations. They would have your position is that you're reading the hearing officer. Instruction to be addressed to the DC school system. Even in this indirect period. Oh, his instruction is in his March termination. He directed the district of Columbia public schools to hire this consultants to aid with the search and make recommendations about ratings. Currently. So, if that hasn't been done, that's something that the preliminary injunction can address. Yes, and we wish to do so in case of state, but yes, we could address it. That that is not something we were asking this to deal with directly, but we think it's important for the court to know. About the hearing officer's decision, but. The, it is. Tunnel vision to say that. Great that a residential place or that a placement in general is simply the physical location that has been. Addressed in this sports precedents in. In lots heard in many other cases. It is totality of the is something more than the physical location. Or less than the full physical location more than just a bundle of services. It is the totality. Of the educational experience, and that has been found to be appropriate for for state. But I would. Call to your attention, for example, versus school board, the 11th circuit case cited in our, in our briefs. That same, but must produce as closely as possible the overall educational experience enjoyed by the child under the previous. So, what we were seeking and say, what was precisely that to. Uh, if the educational experience. He is supposed to receive under his green. And if a residential treatment center was not available. There were ways to come closer to his. Then the district offered, and that the district court therefore allowed them to continue it. With the, as I said, the place and placing close to the full burden on the parents, sending him home, moving him. From any contact with his non disabled peers home, being a more restrictive environment. Then even a residential treatment center where he at least would interact with peers to some degree. The uncertainty of the ability to fulfill even what the interim services letters called for. All of those things were implicated by the district's failure to provide to find a new residential treatment center. And those things should have been addressed in the preliminary injunction, even if anything new that you want to argue on reply. Because we've heard these arguments before from you. I would simply reiterate there was a question. No, reiteration is not. No, we don't we fully have your argument. I would just like to respond to a few things that the district said. The, for example, the alternative paths training school, while it is prepared to offer the day program. Great will continue not to receive any of the. After school services and therefore, while it would be better than sitting at home. It is not a substitute. It would be an interim. I would also like to address the story education question. Best story education is. Not the appropriate remedy for. A denial of state education is something that is done when there's been a failure to provide a free, appropriate public education. But the duty is to provide the free, appropriate public education. From the outset, and the, any delay in providing the education student needs is deemed to be irreparable harm, which is why. State put injunction does not fire proof of that arm. So, while compensatory education may unfortunately be the remedy that's left brain for the time that is already asked. It is not an adequate remedy. It would be like saying we don't have to repair the sidewalks too quickly because somebody slips and falls and breaks leg. We'll pay the medical expenses. The goal is not to have a slip and fall and break the leg in the 1st. The goal is to bring to have is uninterrupted services. I know, but your logic example don't work because when there is a sidewalk problem, the district fences it all for a while, hires a contractor, and then somebody comes to repay. So, you don't have the pavement restored immediately. Anything new the court understands our position. Thank you. Thank you. Thank you very much. Submitted.
judges: Childs, Pan, Rogers